**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 9:18-cv-81101-Rosenberg/Reinhart**

André Clark, Kevin Erny, Kristin Richeimer, Llarallynan Sutherland, and Murry Wynes, individually and as representatives of a class of similarly situated persons, and on behalf of the Oasis Retirement Savings Plan,

        Plaintiffs,

v.

Oasis Outsourcing Holdings Inc., Oasis Outsourcing Inc., Oasis Retirement Savings Plan Investment Committee, Debra Bathurst, Barbara Drames, and Terry Mayotte,

        Defendants.

**FINAL APPROVAL ORDER AND JUDGMENT**

    **Wherefore, this 19th day of December, 2018,** upon consideration of Plaintiffs' motion for final approval of the Class Action Settlement Agreement dated August 17, 2018 (herein the "Settlement") in the above matter, the Court hereby orders and adjudges as follows:

    1.    For purposes of this Final Approval Order and Judgment, except as otherwise defined herein, all capitalized terms used herein shall have the same meaning as are ascribed to them in the Settlement Agreement.

    2.    The Court has jurisdiction over the subject matter of this action and personal jurisdiction over all parties to the action, including all members of the Settlement Class.

    3.    The Court confirms that the class certified under Fed. R. Civ. P. 23(b)(1) is appropriate, and the Court certifies the following non-opt-out class:

> All persons who had an Active Account in the Oasis Retirement Savings Plan (the "Plan") between January 1, 2010 and June 30, 2018 (the "Class Period"), including any Beneficiary of a deceased person who participated in the Plan at any time during the Class Period, and/or Alternate Payees, in the case of a person subject to a Qualified Domestic Relations Order who participated in the Plan at any time during the Class Period.

4. Pursuant to Fed. R. Civ. P. 23(e)(1)(A) and (C), the Court hereby approves and confirms the Settlement and the terms therein as being a fair, reasonable, and adequate settlement and compromise of the claims asserted in the Class Action.

5. The Court hereby approves the Settlement and orders that the Settlement shall be consummated and implemented in accordance with its terms and conditions.

6. In accordance with the Court's Orders, and as reflected in the information from the Settlement Administrator, 68,204 Settlement Notices were timely distributed by first-class mail to all Class Members who could be identified with reasonable effort. Of those, 4,527 (6.6%) were returned as undeliverable. The Settlement Administrator searched for updated address information for those returned as undeliverable, and re-mailed notices to those Class Members. After re-mailing, only 1,995 (2.9%) of all Settlement Notices distributed were undeliverable. In addition, pursuant to the Class Action Fairness Act, 29 U.S.C. § 1711, *et seq.*, a separate notice of the Settlement ("CAFA Notice") was provided to the Attorneys General for each of the states in which a Class Member resides, the Attorney General of the United States, and the United States Secretary of Labor.

7. The form and methods of notifying the Class Members of the terms and conditions of the proposed Settlement Agreement met the requirements of Fed. R. Civ. P. 23(c)(2) and (e), and due process, and constituted the best notice practicable under the circumstances; and due and sufficient notices of the fairness hearing and the rights of all Class Members have been provided to all people, powers and entities entitled thereto.

8. All requirements of the Class Action Fairness Act ("CAFA"), 29 U.S.C. § 1711, *et seq.*, have been met, and Defendants have fulfilled their obligations under CAFA.

9. The Court finds that the Settlement is fair, reasonable, and adequate, based on the following findings of fact, conclusions of law, and determinations of mixed fact/law questions:

    a. The Settlement resulted from arm's-length negotiations by experienced and competent counsel overseen by a neutral mediator;

    b. The Settlement was negotiated only after Class Counsel had conducted a pre-settlement investigation and received pertinent information and documents from Defendants;

    c. The Settling Parties were well positioned to evaluate the value of the Class Action;

   d. If the Settlement had not been achieved, both Plaintiffs and Defendants faced the expense, risk, and uncertainty of extended litigation;

   e. The amount of the Settlement ($5,999,000) is fair, reasonable, and adequate. The Settlement amount is within the range of reasonable settlements that would have been appropriate in this case;

   f. The Class Representatives have actively and independently participated in the Class Action;

   g. The Class Representatives and Class Counsel have concluded that the Settlement Agreement is fair, reasonable and adequate;

   h. Class Members had the opportunity to be heard on all issues regarding the resolution and release of their claims by submitting objections to the Settlement Agreement to the Court; and

   i. There were no objections to the settlement. The deadline to object was November 21, 2018.

   j. The Settlement was reviewed by an independent fiduciary, Gallagher Fiduciary Advisors LLC, who has approved the Settlement.

 10. The Motion for Final Approval of the Settlement Agreement is hereby **GRANTED**, the settlement of the Class Action is **APPROVED** as fair, reasonable and adequate to the Plan and the Settlement Class, and the Settling Parties are hereby directed to take the necessary steps to effectuate the terms of the Settlement Agreement.

 11. The Complaint and all claims asserted therein, whether asserted by Class Representatives on their own behalf or on behalf of the Class Members, or derivatively to secure relief for the Plan, are hereby dismissed with prejudice and without costs to any of the Settling Parties, except as otherwise provided for in the Settlement Agreement.

 12. The Plan and each Class Member (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns) shall be (i) conclusively deemed to have, and by operation of the Effective Approval Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged the Released Parties from all Released Claims, and (ii) barred and enjoined from suing the Released Parties in any action or proceeding alleging any of the Released Claims, even if the Plan or any Class Member may thereafter discover facts in

addition to or different from those which the Plan or any Class Member now knows or believes to be true with respect to the Class Action and the Released Claims, and whether or not such Class Members have executed and delivered a Former Participant Claim Form, whether or not such Class Members have filed an objection to the Settlement, and whether or not the objections or claims for distribution of such Class Members have been approved or allowed.

13. The Class Members and the Plan hereby settle, release, relinquish, waive and discharge any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of unknown claims, including without limitation, Section 1542 of the California Civil Code, which provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor." The Class Members and the Plan with respect to the Released Claims also hereby waive any and all provisions, rights and benefits conferred by any law of any State or territory of the United States or any foreign country, or any principle of common law, which are similar, comparable or equivalent in substance to Section 1542 of the California Civil Code.

14. Each Class Member shall release Defense Counsel, Class Counsel, and the Released Parties from any claims, liabilities, and attorneys' fees and expenses arising from the allocation of the Gross Settlement Amount or Net Settlement Amount and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses.

15. The Court expressly retains jurisdiction for purposes of enforcing this Final Approval Order and/or the Settlement Agreement. Any motion to enforce this Final Approval Order or the Settlement Agreement, including by way of injunction, may be filed in this Court, and the provisions of the Settlement Agreement and/or this Final Approval Order may also be asserted by way of an affirmative defense or counterclaim in response to any action that is asserted to violate the Settlement Agreement.

16. The Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Current Participant and each Authorized Former Participant pursuant to the Plan of Allocation specified in Article VI of the Settlement, which the Court finds to be fair and reasonable.

5

17. With respect to payments or distributions to Authorized Former Participants, all questions not resolved by the Settlement Agreement shall be resolved by the Settlement Administrator in its sole and exclusive discretion.

18. Upon the effective date of this Order, Plaintiffs, Defendants, all Class Members and the Plan shall be bound by the Settlement Agreement.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 19th day of December, 2018.

Copies furnished to:  
Counsel of Record

ROBIN L. ROSENBERG  
UNITED STATES DISTRICT JUDGE